```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY MERCEDES,                              :
                                             :        12 Civ. 2293 (LTS) (DF)
                           Plaintiff,        :
                                             :        **REPORT AND**
            -against-                        :        **RECOMMENDATION**
                                             :
NEW YORK D.O.C., et al.,                     :
                                             :
                           Defendants.       :
------------------------------------------------------------X

**TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:**

This prisoner civil rights case has been referred to me for general pretrial supervision, but, based on the failure of *pro se* plaintiff Henry Mercedes ("Plaintiff") to keep the Court apprised of his current contact information, I recommend that the action be dismissed, *sua sponte* and without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this action under 42 U.S.C. § 1983 in March, 2012, while he was being held in custody at Rikers Island. After screening his initial Complaint and finding the claims, as pleaded, to be facially defective, the Court issued an Order on May 8, 2012 (Dkt. 5), directing Plaintiff to file an amended pleading. Plaintiff filed an Amended Complaint in August, 2012 (*see* Dkt. 7), although, based on this Court's review of that pleading, Plaintiff failed to cure the pleading defects identified by the Court in its May 2012 Order.[1] In any event, the Docket

---

[1] Specifically, Plaintiff again named as a defendant the New York City Department of Correction ("DOC"), even though the Court had previously held that DOC was not a suable entity, and, as to individual defendants, Plaintiff reasserted, in essentially identical terms, claims that the Court had previously found insufficient to state a constitutional violation. (*See* Order, dated May 8, 2012 (Dkt. 5); and *compare* Complaint, dated Mar. 26, 2013 (Dkt. 1), *with* Amended Complaint, dated Aug. 15, 2012 (Dkt. 7).)

reflects that the Clerk of Court issued a Summons on January 28, 2013, and that a "service package" was mailed to Plaintiff at that time, to enable him to effect service of process on the defendants. The Docket then further reflects that, on February 5, 2013, this service package was returned to the Court as undeliverable.

Based on the return of the service package and the Court's independent inquiry, it appears that Plaintiff is no longer being held at Rikers Island. To date, however, Plaintiff has not undertaken to apprise the Court of any new address where he may be reached, and the Court has been unable to ascertain whether Plaintiff has simply been released from custody or has been transferred from Rikers Island to another detention center or correctional facility.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07 Civ. 3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that "it was plaintiff's responsibility to apprise the Court of his current address"). "A [petitioner's] lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this case, Plaintiff has failed to keep the Court apprised of an apparent change in his address, and it also seems that Plaintiff has made no effort to prosecute the case in the last nine months. The Court's Docket does not reflect that any defendant has been served with process, and the Court has received no inquiry or request for assistance from Plaintiff with respect to service. At this point, the Court is unable to supervise this action, and, under the circumstances, dismissal is warranted under Rule 41(b).

Nonetheless, given that Plaintiff is proceeding *pro se* and may not have been aware of his obligation to keep the Court apprised of changes in his mailing address, dismissal of this action should be without prejudice. *See, e.g.*, *Holton v. City of New York*, 133 F.3d 907 (Table), No. 97-2105, 1998 WL 29825, at *1 (2d Cir. Jan. 27, 1998); *Grant v. Aurora Loan Servs.*, No. 08 Civ. 100 (NGG), 2008 WL 4326532, at *2 (E.D.N.Y. Sept. 2, 2008); *Powell v. Dep't of Corr.*, No. 00 Civ. 5260 (LAK), 2001 WL 1502551, at *2 (S.D.N.Y. Oct. 29, 2001); *Gorham v. Transit Workers Union of Am.*, No. 98 Civ. 313 (JGK), 1999 WL 163567, at *7 n.4 (S.D.N.Y. Mar. 24, 1999), *aff'd*, 205 F.3d 1322 (2d Cir.), *cert. denied*, 531 U.S. 884 (2000). This would be particularly appropriate here, where the Court was not able to deliver information to Plaintiff that would have informed him of his obligations.

## **CONCLUSION**

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail). Such objections shall be filed with the Honorable Laura Taylor Swain, United States Courthouse, 500 Pearl Street, Room 755, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        May 24, 2013

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. Laura Taylor Swain, U.S.D.J.

*Pro Se* Office, S.D.N.Y.

Mr. Henry Mercedes
ID# 349-111-721
Rikers Island Correctional Facility
11-11 Hazen Street
East Elmhurst, NY 11370